IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG CLAY WALKER | : | CIVIL ACTION |
| | : | No. 14-6586 |
| v. | : | |
| | : | |
| SETH WILLIAMS et al. | : | |

O'NEILL, J. August 17, 2015

**MEMORANDUM**

Plaintiff Craig Clay Walker, proceeding pro se, is "presently confined at the State Correctional Institution at Mahanoy . . . ." Dkt. No. 1 at ECF p. 2. On March 18, 2004, plaintiff was found "guilty on the charges of Aggravated Assault, Possession of an Offensive weapon and related charges." Id. Plaintiff was sentenced to ten to twenty years incarceration. Id. Thereafter, he appealed his conviction to the Superior Court of Pennsylvania. Id. "[H]is appeal was dismissed on February 6, 2006." Walker v. Kerestes, No. 10-2009, 2012 WL 5494683, at *2 (E.D. Pa. Oct. 25, 2012).[1] Plaintiff filed a Post-Conviction Relief Act (PCRA) petition on February 13, 2007. Id. His PCRA petition was dismissed and, on appeal, "[t]he Superior Court affirmed the dismissal on October 8, 2009." Id. at *4. "The Pennsylvania Supreme Court denied Walker's petition for allowance of appeal on March 23, 2010." Id. at *5. Plaintiff filed a petition for writ of habeas corpus on April 29, 2010. See Walker v. Kerestes, No. 10-2009 (E.D. Pa.) at Dkt. No. 1. Magistrate Judge Arnold C. Rappaport recommended the dismissal of

---

[1] In addition to plaintiffs' complaint and affidavit (Dkt. Nos. 1 and 2), the Court has taken judicial notice of the publicly available docket of criminal proceedings against plaintiff in the Court of Common Pleas of Philadelphia County, see Dkt. No. 6-1, and the records in plaintiff's federal habeas proceedings. See Walker v. Kerestes, No. 10-2009, 2012 WL 5494683 (E.D. Pa. Oct. 25, 2012) report and recommendation adopted, 2012 WL 5499902 (E.D. Pa. Nov. 13, 2012). In ruling on a motion to dismiss, I may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the compliant by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

plaintiff's habeas petition on October 25, 2010. Walker, 2012 WL 5494683, at *2. Judge Joel Slomsky approved and adopted the recommendation of dismissal on November 13, 2012. Walker v. Kerestes, No. 10-2009, 2012 WL 5499902, at *1 (E.D. Pa. Nov. 13, 2012).

On November 14, 2014, plaintiff filed his complaint in this action against defendants Seth Williams, District Attorney of Philadelphia[2] and the Chief of Police of the Philadelphia Police Department.[3] Dkt. No. 1. In his complaint plaintiff contends that he has

> a post-conviction constitutional right, rooted in the principles underlying Brady v. Maryland, 373 U.S. 83 (1963), and in the First Amendment Petition Clause the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Equal Protection Clause of the Fourteenth Amendment, to access crime scene evidence in the possession of the state in order to conduct scientific testing which may yield exculpatory test results probative of his factual innocence.[4]

Id. at ECF p. 1. Plaintiff alleges that prior to his trial "the prosecutor did not provide the defense counsel with the results of testing conducted on the DNA/blood/biological evidence discovered in direct connection with the events that transpired." Id. at ECF p. 14. Plaintiff contends that "the prosecutor's office has maintained that they proceeded to trial without subjecting the trace evidence found on the items to forensic serological testing, because they assumed that the DNA/blood/biological evidence originated from and with their alleged victim." Id. In response to defendant's motion to dismiss, plaintiff asserts that his "[c]omplaint was filed as an endeavor to acquire access to DNA evidence collected at the crime scene by Philad[el]phia Police Officials

---

2 Williams has not been properly served with plaintiff's complaint. See Dkt. No. 5 at ECF p. 2 (proof of service on Williams indicating that plaintiff "served this document by 1st Class Mail"). Service cannot be properly effectuated through the mail unless the defendant waives service. See Fed. R. Civ. P. 4(e); Pa. R. Civ. P. 402.

3 Although plaintiff also improperly used first class mail to serve his complaint on the Philadelphia Chief of Police, see Dkt. No. 5 at ECF p. 4, Police Commissioner Ramsey does not seek to dismiss plaintiff's complaint for plaintiff's failure to properly serve him.

4 "Brady proscribes withholding evidence favorable to an accused and material to his guilt or punishment." Skinner v. Switzer, 562 U.S. 521, 536 (2011).

for the purpose of analytical testing procedures." Dkt. No. 7 at ECF p. 1.

Inexplicably, although no answer has been filed, defendant Police Commissioner Ramsey now moves for judgment on the pleadings. See Dkt. No. 6. Judgment on the pleadings is only appropriate "after the pleadings are closed." Fed. R. Civ. P. 12(c). The pleadings are closed after the complaint and answer are filed, along with any reply to additional claims asserted in the answer. Fed. R. Civ. P. 7(a). Because no answer to the complaint has been filed, I will consider defendant's motion as one to dismiss for failure to state a claim under Rule 12(b)(6).[5]

In his motion, defendant argues that plaintiff "seeks to re-open his habeas petition and challenge his conviction through the instant civil action." Dkt. No. 6 at ECF p. 3. Defendant contends that "[t]his collateral attack on [plaintiff's] conviction is expressly prohibited under the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994)."[6] Id. In response, plaintiff argues that his "[c]omplaint was not and is not an attempt . . . to re-open the habeas claims originally filed in April of 2010." Dkt. No. 7 at ECF p. 1. Instead, he asserts that he seeks to use section 1983 to

---

[5] Rule 12(b)(6) requires that courts evaluate a complaint to ensure it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012); see Fed. R. Civ. P. 12(b)(6). Where, as here, plaintiff is proceeding pro se, I have "an obligation to construe the complaint liberally." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). To be plausible, plaintiff's complaint must set forth sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[L]abels and conclusions" or "formulaic recitation of the elements of a cause of action" need not be accepted as true. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citations and internal quotation marks omitted). Plaintiff "must do more than allege the plaintiff's entitlement to relief, [but] 'show' such an entitlement with [his] facts," in order to survive a motion to dismiss. Id. at 211.

[6] Consideration of defendant's challenge to plaintiff's claims based on Heck is appropriate under Rule 12(b)(6). See Bolick v. Sacavage, No. 14-4427, 2015 WL 4185343, at *2 (3d Cir. July 13, 2015) (referring to Heck as a "non-jurisdictional" ground for disposing of plaintiff's complaint); Reaves v. Pa. Bd. of Prob. & Parole, 580 F. App'x 49, 54 n.3 (3d Cir. 2014) (noting that Heck "is not a jurisdictional rule"); citing Polzin v. Gage, 636 F.3d 834, 837-38 (7th Cir. 2011); Jiron v. City of Lakewood, 392 F.3d 410, 413 n. 1 (10th Cir. 2004).

obtain "access to DNA evidence." Id.; see also Dkt. No. 1 at ECF p. 20.

In Heck, the Supreme Court ruled that a section 1983 claim for damages arising from a criminal conviction does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. It has been held that Heck also bars claims for injunctive relief. See Hess v. Chronister, 247 F. App'x 377, 380 (3d Cir. 2007) (finding Heck barred the appellant's claims because "any success for Appellant on his claims for monetary or injunctive relief would necessarily imply that his confinement was invalid"). Thus, following Heck, "a state prisoner's § 1983 action is barred (absent prior invalidation [of the prisoner's conviction]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); see also Davila v. Pennsylvania, No. 11-1092, 2014 WL 1321010, at *6 (M.D. Pa. Mar. 28, 2014) ("The central holding of Heck is that civil actions, specifically 42 U.S.C. § 1983 claims, are not the appropriate vehicles through which to challenge valid criminal convictions.").

To the extent that plaintiff's complaint can be read as asserting a claim for relief under Brady v. Maryland, 373 U.S. 83 (1963), "his cause of action must fail as a matter of law." Padgett v. Bradford Cnty. Dist. Attorney's Office, No. 11-434, at *1 (M.D. Pa. May 12, 2011), citing Skinner v. Switzer, 562 U.S. 521, 536 (2011) ("Brady claims have ranked within the

traditional core of habeas corpus and outside the province of § 1983."). "Brady evidence is, by definition exculpatory." Proctor v. Chabot, No. 11-14687, 2011 WL 6655694 (E.D. Mich. Dec. 21, 2011). Plaintiff's complaint does not allege that his conviction has been reversed, expunged, declared invalid or otherwise called into question. Thus, to the extent that plaintiff's claims directly seek to challenge the validity of his conviction, they are barred by Heck and should be dismissed. However, Heck does not entirely bar the claims in plaintiff's complaint, contrary to defendant's contention.

Unlike Brady evidence, untested DNA evidence is not always exculpatory. See Proctor, 2011 WL 6655694, at *3. In Skinner v. Switzer, 562 U.S. 521, 524 (2011), a case which defendant's brief fails to mention and which plaintiff cites in his response, Dkt. No. 7 at ECF p. 3., the Supreme Court explained that "[s]uccess in [a postconviction claim for DNA testing] gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive." The Supreme Court thus held that success in a plaintiff's "suit for DNA testing would not 'necessarily imply' the invalidity of his conviction. While test results might prove exculpatory, that outcome is hardly inevitable; . . . results might prove inconclusive or they might further incriminate" the plaintiff. Id. at 534. Thus, liberally construing plaintiff's complaint, as I must, to the extent that plaintiff seeks to challenge the denial of access to postconviction DNA testing, "[p]laintiff's action is not Heck-barred because success in his action would not necessarily entail immediate or speedier release." Proctor, 2011 WL 6655694, at *3 (finding that Heck did not bar the plaintiff's claim where "the DNA testing may yield incriminating or inconclusive results."); see also Vaughn v. Office of the Judge for the Third Cir. Ct., No. 14-10458, 2015 WL 404254, at *6 (E.D. Mich. Jan. 29, 2015) (finding the plaintiff's "claims challenging the denial of [DNA] testing] . . . are not barred by Heck"); Miller v. Biden,

No. 11-707, 2011 WL 5970878, at * 2 n.3 (D. Del. Nov. 29, 2011) (citing Skinner in permitting plaintiff to proceed with his due process claim seeking injunctive relief to compel DNA testing of crime scene evidence); c.f., Scott v. Fink, No. 11-752, 2011 WL 3664657, at *2 (W.D. Mich. Aug. 19. 2011) (finding that "fingerprint evidence sought by Plaintiff is not, by definition, exculpatory" and thus, the plaintiff's action was not barred by Heck).

Although Heck does not bar any claim that plaintiff's complaint asserts with respect to the denial of postconviction DNA testing, I still find plaintiff's complaint is insufficient to state a claim upon which relief may be granted. To state a claim under section 1983 for a violation of his right to procedural due process under the Fourteenth Amendment, plaintiff must allege: (1) an interest encompassed within the Fourteenth Amendment's protection of life, liberty or property; and (2) that the procedures available to plaintiff did not provide due process of law. See, e .g. Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). A "criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man." Dist. Atty's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68 (2009). There is no freestanding due process right to obtain DNA evidence in the post-conviction setting. Id. at 72. Instead, plaintiff's "due-process claim hinges on whether he has a liberty interest created by state law." Scott, 2011 WL 3664657, at *4. "Plaintiff does not allege that he attempted to take advantage of the statutory procedures available under Pennsylvania law to secure postconviction DNA testing, 42 Pa. Con[s]. Stat. § 9543.1, or that those procedures were inadequate." Padgett v. Bradford Cnty. Dist. Attorney's Office, No. 11-434, 2011 WL 1812191, at *2 (M.D. Pa. May 12, 2011). Thus he has not sufficiently alleged a procedural due process violation. See Miller v. Biden, No. 11-707, 2013 WL 456463, at *2 (D. Del. Feb. 5, 2013) (finding the plaintiff, who sought access to evidence for DNA testing, failed to state a viable due process claim where his complaint "does

not explain how Delaware's postconviction procedures for disclosure of alleged exculpatory are inadequate as a matter of law").

Even if plaintiff's allegations were sufficient to support a claim for a violation of his right to procedural due process, his claims would still be subject to dismissal because he has not sufficiently alleged that Commissioner Ramsey was personally involved in the claimed violation of plaintiff's constitutional rights. It is well established that in order to state a § 1983 claim against a state official in his individual capacity plaintiff must allege facts sufficient to raise a plausible inference that the state official was personally involved in violating his constitutional rights. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005), citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207 (citations omitted). Such allegations "must be made with appropriate particularity." Id. Here, plaintiff makes no specific allegations that Commissioner Ramsey had any personal involvement in the events giving rise to plaintiff's claims. Accordingly, Commissioner Ramsey cannot be held liable under § 1983. See Durmer v. O'Carroll, 991 F.2d 64, 69 n. 14 (3d Cir. 1993) (explaining that, without more, the mere fact that a defendant holds a supervisory position is insufficient to prove a cause of action because § 1983 does not support civil rights claims based upon a theory of respondeat superior). Accordingly, I will dismiss plaintiff's complaint.[7]

An appropriate Order follows.

---

[7] Since it is plausible that plaintiff may be able to allege sufficient facts to articulate a claim I will grant him an opportunity to amend his complaint, but only to the extent that he can sufficiently allege a basis for a violation of his right to procedural due process and the defendant's personal involvement. See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (explaining that leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").